# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | | |
|---|---|---|
| EMORY L. LARISCY, | ) | |
| Movant, | ) ) ) | |
| v. | ) ) | Case No. CV607-064 [underlying CR605-026] |
| UNITED STATES OF AMERICA, | ) ) ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Movant has filed a motion to vacate, set aside, or correct his federal prison sentence under 28 U.S.C. § 2255. Doc. 1.[1] The government has responded. Doc. 4.

## I. BACKGROUND

On September 16, 2005, movant was indicted on charges of making threats against the President of the United States in violation of 18 U.S.C. § 871(a). Cr. Doc. 10. After undergoing a psychiatric evaluation,

---

[1] Citations are to the docket in movant's civil case, CV607-064, unless otherwise noted. "Cr. Doc." refers to documents filed under movant's criminal case, CR605-026.

movant proceeded to trial where he was found guilty by a jury. Cr. Doc. 55. On August 31, 2006, he was sentenced to fifteen months' imprisonment, three years' supervised release, and was assessed a $100 special assessment. Cr. Doc. 63. He began supervised release on September 27, 2006. Cr. Doc. 65.

On December 21, 2006, United States Probation Officer Lamb stopped by movant's home. <u>Id.</u> Movant had an open can of beer sitting on his computer desk. <u>Id.</u> He admitted that he had been drinking in violation of the terms of his supervised release. <u>Id.</u> On January 10, 2007, a federal warrant was issued for movant's arrest. Cr. Doc. 66. On January 11, 2007, Officer Lamb phoned movant and told him to report to the probation office for a urinalysis. Cr. Doc. 72. Movant asked Lamb to postpone it, but Lamb refused. Movant replied that he did not know he was living in "Nazi Georgia." <u>Id.</u> Detective Tony Taylor, with the Sylvania, Georgia Police Department, traveled out to movant's home on January 12, 2007. Cr. Doc. 72 at 2. He had been notified of the federal arrest warrant by Mike Scripture, a Deputy United States Marshal. <u>Id.</u>

Upon arrival he noticed that Lariscy was intoxicated. Id. Taylor executed the warrant. Id.

On February 14, 2007, the sentencing judge found that movant had violated the conditions of his supervised release and sentenced him to twenty-four months' confinement in the United States Bureau of Prisons. Cr. Doc. 76. Movant appealed this determination. Cr. Doc. 84; United States v. Lariscy, 2007 WL 2274612 (11th Cir. 2007). The appellate court affirmed. Id. at 10.

Movant is currently incarcerated at the Federal Correctional Institution in Coleman, Florida. On October 1, 2007, he executed the instant § 2255 petition, asserting four grounds for relief:

(1) the City of Sylvania and the State of Georgia had no probable cause supporting Lt. Taylor's arrest of movant;

(2) Georgia statutory code does not authorize state or local police officers to perform an arrest for the federal government;

(3) neither the City of Sylvania nor the State of Georgia had an agreement pursuant to 5 U.S.C. §§ 3372-74 to perform an arrest for the federal government; and

(4) counsel was ineffective for failing to challenge movant's arrest.

Respondent filed an answer on November 1, 2007. Doc. 4.

## II. ANALYSIS

### A. Procedural Default

Because movant did not raise grounds one through three (his federalism claims) at sentencing or on appeal, the procedural default rule bars him from presenting them now. In Lynn v. United States, 365 F.3d 1225 (11th Cir. 2004), the Eleventh Circuit explained that "[u]nder the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding." Id. at 1234.

Nevertheless, a § 2255 movant can avoid the procedural default rule by establishing either (1) cause for not raising the claim of error on direct appeal and actual prejudice from the alleged error, id. (citing Bousley v. United States, 523 U.S. 614, 622 (1998)), or (2) a constitutional error that probably "resulted in the conviction of one who is actually innocent." Id. (citations and quotation marks omitted). As movant makes no claim of actual innocence, grounds one through three are barred unless he can

show cause for not raising the claim of error and actual prejudice from that error.

Movant has shown neither. "[T]o show cause for procedural default, [the movant] must show that some objective factor external to the defense prevented [movant] or his counsel from raising claims on direct appeal and that this factor cannot be fairly attributed to [the movant's] own conduct." Id. at 1235. "Examples of external impediments which have been found to constitute cause in the procedural default context include 'interference by officials,' 'a showing that the factual or legal basis for a claim was not reasonably available to counsel,' and 'ineffective assistance of counsel.'" Wise v. Fulcomer, 958 F.2d 30, 34 n.9 (3rd Cir. 1992) (citations omitted). Here, movant does not allege any external impediment which prevented him from raising these claims on a prior occasion. He claims that he was unaware of the information at the time of his violation hearing. Doc. 2 at 1. Simply being unaware of an argument does not demonstrate the inability to raise it.

Furthermore, even if movant can show cause for failing to raise these issues on appeal, his § 2255 motion cannot show the actual

prejudice necessary to excuse his procedural default. Even if the Court were to find that the federal arrest warrant was improperly executed, the sentencing judge still possessed the authority to revoke movant's supervised release. 18 U.S.C. § 3583(e)(3); United States v. Jeremiah, 493 F.3d 1042, 1045 (9th Cir. 2007) (citing Gerstein v. Pugh, 420 U.S. 103, 119 (1975) ("[I]llegal arrest or detention does not void a subsequent conviction.")). Movant may have a claim under 42 U.S.C. § 1983 for false arrest, but such an arrest is certainly not grounds for securing his liberty under § 2255. As movant's supervised release could be revoked regardless of the method of arrest employed, he has entirely failed to show prejudice.

### B. Ineffective Assistance of Counsel

Movant also failed to raise, during sentencing or appeal, his claim of ineffective assistance of counsel. Unlike the three federalism grounds, however, he is not procedurally barred from raising the claim here. Ineffective assistance of counsel claims are unique, for such claims require consideration of matters that are outside the record on direct appeal. Compare United States v. Arango, 853 F.2d 818, 823 (11th Cir.

1988), with United States v. Andrews, 953 F.2d 1312, 1327 (11th Cir. 1992). Moreover, the Supreme Court has held that because of the unique aspect of such claims, "an ineffective assistance of counsel claim may be brought in a collateral proceeding under § 2255, whether or not the movant could have raised the claim on direct appeal." Massaro v. United States, 538 U.S. 500, 504 (2003).

In Strickland v. Washington, 466 U.S. 668, 687 (1984), the Supreme Court created a two-part test for determining whether a defendant received ineffective assistance of counsel. First, a defendant must demonstrate that his attorney's performance was deficient, which requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." Id. Second, a defendant must demonstrate that the defective performance prejudiced the defense to such a degree that the results of the trial cannot be trusted. Id.

Under the first prong, the reasonableness of an attorney's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances. Strickland, 466

U.S. at 690. The petitioner carries a heavy burden, as "reviewing courts must indulge a strong presumption that counsel's conduct falls within the wide range of professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. at 689.

Under the second prong, a petitioner must establish that there was a reasonable probability that the results would have been different but for counsel's deficient performance. Kimmelman v. Morrison, 477 U.S. 365, 375 (1986); Strickland, 466 U.S. at 696. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

In this case there is simply no way to show prejudice. First, as discussed above, the sentencing judge had authority to revoke movant's supervised release even in the face of an illegal arrest. Jeremiah, 493 F.3d at 1045. Second, the arrest itself was not illegal. It is well established that state and county officials may execute federal arrest warrants so long as the arrest is valid under state law. United States v. Bowdach, 531 F.2d 1160, 1168 (5th Cir. 1977); United States v. Sapp, 272

F. Supp. 2d 897, 911 (N.D. Cal. 2003). Under Georgia state law, "[a]n arrest for a crime may be made by a law enforcement officer either under a warrant or without a warrant if the offense is committed in such officer's presence or within such officer's immediate knowledge." O.C.G.A. § 17-4-20. Lt. Taylor was clearly informed by Deputy United States Marshal Mike Scripture that movant was on supervised release and that a federal warrant for his arrest was outstanding. Cr. Doc. 72 at 2. Accordingly, Taylor made an arrest under warrant, which satisfies § 17-4-20. As the arrest was valid, failure to raise the issue could not prejudice movant; he was validly before the court.[2]

## III. CONCLUSION

After a thorough review, the Court finds that the motions, files, and records of the case "conclusively show that [Lariscy] is entitled to no

---

[2] Furthermore, when Taylor arrived at movant's house, movant had been drinking. Cr. Doc. 72 at 2. (Lariscy "was intoxicated. . . . [He] smelled of alcohol and was drinking an Old Milwaukee beer."). Consumption of alcohol violated the terms of his supervised release. Accordingly, a violation of supervised release was committed in Taylor's presence, again validating the arrest under § 17-4-20.

relief." 28 U.S.C. § 2255. Accordingly, the Court recommends that his § 2255 motion be **DENIED** and this case be **DISMISSED**.

**SO REPORTED AND RECOMMENDED** this 14TH day of November 2007.

*/s/ M. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA